**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LATOYA SUMMERLING, #1319354,** | **)** | |
| **Petitioner,** | **)** | |
| | **)** | |
| **v.** | **)** | **3:06-CV-1679-D** |
| | **)** | **ECF** |
| **NATHANIEL QUARTERMAN, Director,** | **)** | |
| **Texas Department of Criminal Justice,** | **)** | |
| **Correctional Institutions Division,** | **)** | |
| **Respondent.** | **)** | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Gatesville Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Gatesville, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process pending preliminary screening.

Statement of Case: On September 24, 2004, Petitioner pled nolo contendere to the offense of aggravated assault with a deadly weapon in the 292nd District Court of Dallas County, Texas, in Cause No. F04-51713. (Amended Petition (Amd. Pet.) at ¶ 4, and Pet's Response filed Feb. 20, 2007, at 1). The trial court entered an order of deferred adjudication,

and placed her on a five-year term of community supervision/probation. (Pet's Resp. to Show Cause Ord. filed Fe. 20, 2007, at 1). Thereafter, the State filed a motion to adjudicate guilt. On August 4, 2005, the trial court adjudicated Petitioner guilty and sentenced her to two years imprisonment. (*Id.* at 2). Petitioner did not appeal.

On January 18, 2006, Petitioner filed an application pursuant to art. 11.07, Texas Code of Criminal Procedure, in the trial court, challenging the conviction at issue in this case. (Pet's Resp. at 2). On July 19, 2006, the Texas Court of Criminal Appeals (TCCA) dismissed the application as non-complying with instructions that it be returned to sender. *Ex parte Summerling*, WR-65,163-01, http://www.cca.courts.state.tx.us/opinions/Case.asp?Filing ID=2249874 (docket sheet information generated Sept. 18, 2006) (Official internet site of the Texas Court of Criminal Appeals).

On September 13, 2006, Petitioner filed this federal petition, challenging her confession and underlying guilty plea in light of her mental health and competency, and alleging that counsel rendered ineffective assistance during the guilty plea proceedings.[1]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, ___ U.S. ___, 126 S.Ct. 1675, 1684 (2006) (district courts are permitted, but

[1] Petitioner failed to submit a certificate of inmate trust account and to sign her original petition. On September 18, 2006, the Court notified Petitioner of these deficiencies. On January 4, 2007, after receiving the filing fee, the Court again notified Petitioner that her petition remained unsigned. On January 19, 2007, Petitioner submitted her amended petition for filing.

not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition in process issued cases).[2]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner alleges no state-created impediment under 28 U.S.C. § 2244(d)(1)(B) that prevented her from timely raising her grounds for relief. Nor does she base her grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting her grounds became known prior to the date on which Petitioner's deferred adjudication probation became final. Petitioner sets out alleged deficiencies which occurred in the course of her initial plea proceeding. All occurred in her presence and/or in open court. Therefore, the Court calculates the one-year statute of limitations from the date Petitioner's deferred adjudication probation became final at the conclusion of direct review or

---

[2] On January 24, 2007, the Court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting her an opportunity to explain why her case is not barred by the limitations period or why the statute of limitations should be tolled on equitable grounds. Petitioner filed a response to the Court's show cause order on February 20, 2007.

In light of the untimeliness of the federal petition, as set out more fully below, the Court need not address the fact that Petitioner failed to exhaust her state court remedies. 28 U.S.C. § 2254(b) and (c).

upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

In *Caldwell v. Dretke*, 429 F.3d 521, 526-29 (5th Cir. 2005), the Fifth Circuit held that an order of deferred adjudication probation following a plea is a final judgment for purposes of § 2244(d)(1)(A) upon the expiration of the time for seeking direct review. The Circuit noted that "[u]nder Texas law, a defendant must file a notice of appeal 'within 30 days after the day sentence is imposed or suspended in open court.'" *Id.* (quoting Tex. R. App. P. 26.2(a)(1) (effective Sept. 1, 1997).

Applying *Caldwell*'s holding to this case, Petitioner's deferred adjudication probation became final for purposes of § 2244(d)(1)(A) on October 24, 2004, thirty days after Petitioner pled nolo contendere and the trial court placed her on deferred adjudication probation. The limitations period began to run on October 25, 2004, and expired one year later on October 24, 2005.

Petitioner did not file this federal habeas petition until September 13, 2006, more than ten and one-half months after the one-year limitation period expired. Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings. Petitioner's art. 11.07 application was not pending in state court during the one-year period. Moreover, since the application was returned as non complying, it could not have tolled the one-year limitation period.[3] Therefore, Petitioner's claims challenging her original plea are time

---

[3] An application is properly filed under § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *see also Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999) (holding properly filed application is "one that conforms with a state's applicable procedural filing requirements"). Rule 73.1, of the Texas Rules of Appellate Procedure, prescribes the form and its required contents to file for relief under article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. R. App. Proc. 73.1.

barred unless the one-year period is tolled on equitable grounds.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). Equitable tolling applies only in cases presenting "rare and exceptional circumstances." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.* (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Further, "equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

It is unsurprising that Petitioner took no action to raise the claims related to her underlying plea prior to the revocation of her deferred adjudication probation. By any standard she obtained a very favorable disposition of the criminal charge in avoiding a prison term despite the offense charged.

Even if Petitioner was unaware of her appeal rights stemming from the order placing him on deferred adjudication probation, this is insufficient to warrant application of equitable tolling. Mere ignorance of the law is not a circumstance warranting application of equitable tolling. *Fisher*, 174 F.3d at 714 ("Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *see also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling). Therefore, Petitioner

is not entitled to equitable tolling and the petition should be dismissed as time barred.[4]

RECOMMENDATION:

For the foregoing reasons it is recommended that the habeas corpus petition be DISMISSED with prejudice as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 27th day of February, 2007.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[4] Insofar as Petitioner seeks to challenge the proceedings leading to the imposition of the two-year prison sentence, her claims are also time barred. The timeliness of these claims is dependent on the date on which Petitioner's conviction and penitentiary sentence, which occurred after the revocation of her deferred adjudication probation, became final. Since Petitioner did not file a direct appeal, her conviction became final on September 3, 2005, thirty days after the judgment was entered. *See* Tex. R. App. P. 26.2(a)(1) (effective Sept. 1, 1997). Thus, the one-year period commenced to run on September 4, 2005, and expired on September 3, 2006. Since September 3 was a Sunday, and September 4 was a holiday, the one-year period did not expire until Tuesday September 5, 2006, seven days before the filing of the original, unsigned petition in this case.